IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEYPORT WAREHOUSING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROWN-LOXLEY I, LLC, <br><br> Defendant and Counterclaimant, <br><br> v. <br><br> KEYPORT WAREHOUSING, INC., <br><br> Counterclaim Defendant. | CASE NO.: 1:22-CV-00100-TFM-M <br> Removed from the Circuit Court of <br> Baldwin County, Alabama <br> Case No. CV-2022-900100.00 |

### ANSWER AND COUNTERCLAIM BY CROWN-LOXLEY I, LLC

COMES NOW Defendant and Counterclaim Plaintiff, Crown-Loxley I, LLC ("Crown"), and for its Answer to the Complaint of Keyport Warehousing, Inc. ("Keyport") and Counterclaim against Keyport, avers as set forth below.

### ANSWER TO COMPLAINT

For its Answer to the Complaint of Keyport, Crown avers and responds as set forth below. The headings and numbered paragraphs below correspond to the headings and numbered paragraphs of the Complaint.

### PARTIES

1. Upon information and belief, admitted.

2. Admitted.

### FACTUAL ALLEGATIONS

4. Admitted.

{MB459119.2}

5. The allegations of this paragraph are admitted, however, the quoted portions of the lease do not constitute all provisions of the lease touching upon the purchase of insurance and payment of premiums therefore.

6. Denied.

7. It is admitted that Crown purchased the property which includes the leased premises and that the lease in question was assigned to Crown as landlord.

8. Denied.

9. It is admitted that Crown purchased casualty and other insurance on the property and operations in connection therewith, with appropriate coverage limits, and that under the lease Crown is entitled to bill the premiums therefore to Keyport. Further, it is admitted that upon Keyport refusing to pay such premiums as required under the lease, Crown issued the Notice of Default attached as Exhibit B to the Complaint.

## COUNT I
## DECLARATORY JUDGMENT

10. Crown incorporates and re-avers its responses to in paragraphs 1 through 9 above as if fully set out herein.

11. Upon information and belief, admitted.

12. Admitted.

13. It is denied that Keyport has obtained insurance and/or paid premiums for insurance as required by the lease. It is admitted that Crown gave notice of default to Keyport for failing to do so.

As to the prayer for relief, Crown denies that Keyport is entitled to a declaratory judgment that Keyport is in compliance with the lease, or any other relief favorable to Keyport.

## COUNT II
## BREACH OF CONTRACT

14. Crown incorporates and re-avers its responses in paragraphs 1 through 13 above as if fully set out herein.

15. Denied.

As to the prayer for relief, Crown denies that Keyport is entitled to the requested relief or any other relief favorable to Keyport.

## AFFIRMATIVE DEFENSES

Crown pleads the following affirmative defenses, jointly and severally, to the claims in the Complaint:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Keyport itself is in breach of the subject lease and therefore is estopped or otherwise barred from seeking relief thereunder.

## CROWN'S COUNTERCLAIM AGAINST KEYPORT

For its Counterclaim against Keyport, Crown avers as set forth below:

## PARTIES AND JURISDICTION

1. Crown is a Delaware limited liability company the citizenships of which, for purposes of diversity jurisdiction, are States other than Alabama. The individual persons and entities, and for such entities the individual persons and their capacity with such entity, which are considered for the purpose of determining the citizenship of Crown, and the State of domicile/citizenship of all such entities/persons, are set out in Exhibit A attached hereto and incorporated herein by reference. As shown in Exhibit A, the domicile/citizenship of all

entities/persons considered for determining the citizenship of Crown, are States other than Alabama.

2. Keyport is an Alabama corporation with its principal place of business in Baldwin County Alabama, and thus is a citizen of Alabama for determining diversity.

3. There is a complete diversity of citizenship between Crown and Keyport.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

5. On or about December 20, 2016, Keyport, as tenant, entered into a lease with FC and C, L.L.C. ("FCC"), as landlord, for the lease of certain warehouse premises in Loxley, Baldwin County, Alabama. Crown is the successor in interest to FCC, having purchased the property made the subject of the lease on December 1, 2021, and in connection with said purchase being assigned the lease. Accordingly, Crown is now the landlord under the lease with Keyport. A true and correct copy of the lease, as amended, is attached as Exhibit B.

6. This dispute centers on certain provisions in the lease relating to the procurement of casualty and other insurance and payment of premiums therefore. In relevant part, the lease, as amended, provides:

> Section 2.02. Late Charges.
>
> The amount of each of the said installments of rental shall be increased by five (5) percent if the same shall remain unpaid thirty (30) days. All such charges shall be secured as additional rents under the lease.
>
> Section 2.03. Additional Rental.
>
> Tenant shall pay as additional rent all sums of money or charges required to be paid by Tenant under this lease, whether or not the same be designated "additional rent". This shall include, but not be limited to, any taxes, insurance premiums, maintenance, common

area maintenance to be performed by or payable by Tenant, but performed by or paid by Landlord by Tenant's failure to perform or pay same in a timely manner. If such amounts or charges are not paid at the time provided in this lease, they shall nevertheless, if not paid when due, be collectible as additional rent with any installment of rent thereafter due hereunder, but nothing herein contained shall be deemed to suspend or delay the payment of any amount of money or charge at the time the same becomes due and payable hereunder, or limit any other remedy of Landlord.

. . . .

Section 2.05. Insurance Premiums.

Tenant shall pay all premiums for fire insurance, extended coverage insurance, liability insurance, loss of rents insurance, "other perils" insurance, and other insurance with respect to the Leased Premises. Should Tenant fail to pay such insurance premiums when due, the Landlord may, at its option, pay said amount. In which event, the cost thereof shall be due from Tenant as additional rent.

If there should ever be any additional or extra premiums for fire insurance, extended coverage insurance, liability insurance, loss of rental insurance, "other perils" insurance, and other insurance on or with respect to the Leased Premises, and if the additional or extra premium results from articles which are kept, used, or stored by Tenant, or results from any activity which is carried on or conducted by Tenant, then at Landlord's election, which may be made and changed from time to time, Tenant shall pay the full amount of the additional premium regardless of whether Landlord has given its consent with respect to any particular article or activity.

. . . .

SECTION 7.01. Liability Insurance.

Tenant shall, during the entire term hereof, keep in full force and effect, a policy of public liability and property damage insurance with respect to the leased premises, and the business operated by Tenant and any Sub-Tenants of Tenant in the leased premises in which the limits of public liability shall not be less than $1,000,000 bodily injury for each occurrence and in which the property damage liability shall not be less than $1,000,000 for each occurrence. The policy shall name Landlord, any person, firms or corporation designated by Landlord, and Tenant as insured, and shall contain a clause that the insurer will not cancel or change the insurance without giving the Landlord thirty (30) days prior written notice.

> The insurance shall be issued by a company carrying a Best and Company rate of A+ with a Class 15 financial rate ( or equivalent rating if the rating system changes). Upon commencement of this lease, Tenant will deliver to Landlord a copy of the policy or Certificate of Insurance. Should Tenant fail to provide such policy of insurance, then Landlord may, at its option, purchase such policy and assess the cost thereof against Tenant as additional rent hereunder.
>
> . . . .
>
> SECTION 15.02. Legal Expenses.
>
> In case of employment of any attorney or if suit shall be brought for recovery of possession of the leased premises, for the recovery of rent or any other amount due under the provisions of this lease, or because of the breach of any other covenant herein contained on the part of Tenant to be kept or performed, and a breach shall be established, Tenant shall pay to Landlord all expenses incurred therefor, including a reasonable attorney's fee.

## **DECLARATORY JUDGMENT**

7. Crown incorporates and re-avers the allegations in paragraphs 1 through 6 above as if fully set out herein.

8. Under Section 2.05 of the lease, Crown has the right to secure casualty and other insurance on the leased premises and operations in connection therewith in appropriate coverage amounts and charge the premiums therefor to Keyport.  On December 1, 2021, Crown procured such casualty and other insurance with The Cincinnati Casualty Company and various surplus line carriers for the policy periods of December 1, 2021 to December 1, 2022, the total premiums for which are $265,172.64.  The monthly premium installment is $22,097.72.

9. Beginning on December 1, 2021, and on January 1, February 1, and March 1, 2022, Crown invoiced Keyport for the monthly premium installments (together with rent and other charges), said premiums aggregating to date $88,390.88.  Said invoices are attached as Exhibit C.

10. Crown and Keyport have communicated concerning the payment of the insurance premiums and Keyport has repudiated any obligation to pay any of the premiums therefor,

{MB459119.2}                                                                6

including, but not limited to, the four monthly premium installments which have accrued to date, the premiums for the current policy periods which are now quantified, to wit, $265,172.64, and subsequent policy years during the remaining term of the lease.

11. An actual controversy exists between Crown and Keyport concerning Keyport's obligation under the lease to pay the premiums for said insurance.  Accordingly, pursuant to the federal declaratory judgment statutes, 28 U.S.C. §§ 2201 and 2202, Crown seeks a declaratory judgment that under the lease Crown has the right to secure casualty and other insurance on the property and operations in connection therewith, in appropriate coverage amounts, and that Keyport is obligated to pay the premiums therefor.

WHEREFORE, Crown requests this Honorable Court enter a declaratory judgment to the effect that under the lease Crown is entitled to secure casualty and other insurance coverage on the property and operations in connection therewith, in appropriate coverage amounts, and that Keyport is obligated to pay the premiums therefor, and that the Court grant such further or different relief to which Crown may be entitled, the premises considered.

## **BREACH AND ANTICIPATORY BREACH OF CONTRACT**

12. Crown incorporates and re-avers the allegations in paragraphs 1 through 11 above as if fully set out herein.

13. Keyport has breached the lease by failing to pay the insurance premiums for December, 2021 and January – March, 2022, totaling $88,390.88.  Keyport owes to Crown late charges on three of said installments as provided in Section 2.02 of the lease, as amended, which late charges now total $3,314.66, and continue to accrue.

14. Likewise, because Keyport has repudiated its obligation to pay any of the insurance premiums, a continuing breach of the lease is anticipated.  Keyport is liable for additional premium installments, together with additional late fees, as the same accrue.

15. Crown has been damaged by Keyport's breach of the lease and will be damaged by Keyport's anticipated further breaches of the lease, by failing to receive from Keyport payments of money owed to Crown.

WHEREFORE, Crown demands judgment in the amount of $91,705.54 for Keyport's failure to pay the monthly insurance premiums as of the filing of this Counterclaim, inclusive of late fees, and further as Keyport persists in its anticipatory breach of said lease for such additional premium payments and late fees thereon as may accrue until the same are fully paid, all together with interest, reasonable attorney's fees, expenses, and the costs of this action.

## COMMON COUNTS
## ACCOUNT STATED/MONEY OWED

16. Crown incorporates and re-avers the allegations in paragraphs 1 through 15 above as if fully set out herein.

17. Keyport owes to Crown the sum of $91,705.54, comprised of $88,390.88 for the unpaid premium installments and $3,314.66 for late fees which have accrued to date, as money owed and/or on an account stated.

WHEREFORE, Crown demands judgment against Keyport for the unpaid premium installments and late fees which have accrued to date, totaling $91,705.54, together with interest, reasonable attorney's fees, expenses, and costs of this action.

Respectfully Submitted,

*/s/ Kenneth A. Watson*
Clay A. Lanham (LANHC9194)
Kenneth A. Watson (WATSK3123)
*Attorneys for Crown-Loxley*

**OF COUNSEL**:
Jones Walker LLP
11 North Water Street, Ste. 1200
Mobile, Alabama  36602
Telephone: (251)439-7576 (Watson)
Telephone: (251)349-7519 (Lanham)
clanham@joneswalker.com
kwatson@joneswalker.com

## CERTIFICATE OF SERVICE

     I hereby certify that on March 8, 2022, I electronically filed a true and correct copy of the foregoing using the CM/ECF system which will send notice to all counsel of record.

                                */s/ Kenneth A. Watson*
                                Kenneth A. Watson